# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OSCAR DIAZ, # 21200-171 | * |
| Petitioner | * |
| | Civil Action No. WMN-12-3414 |
| v. | * Related Criminal Action No. WMN-10-34 |
| UNITED STATES | * |
| Respondent | * |

\*\*\*

## MEMORANDUM

Pending is a Motion to Vacate filed under 28 U.S.C. § 2255 by self-represented petitioner Oscar Diaz. (ECF No. 207). The government has filed a response requesting dismissal of the Motion as untimely (ECF No. 211) to which Diaz has filed a Reply (ECF No. 212). After careful review of the pleading and applicable law, the Court will dismiss the Motion to Vacate (ECF No. 207) as untimely and grant the government's Motion to Dismiss. (ECF No. 211).

## BACKGROUND

On February 3, 2011, Oscar Diaz ("Diaz') pleaded guilty to Conspiracy to Commit Bank Fraud (Count One) and Aggravated Identity Theft (Count Four) in violation of 18 U.S.C. §1349 and § 1028A. On February 25, 2011, he was sentenced to a total of 108 months in prison followed by 5 years of supervised release and ordered to pay restitution. (ECF No. 130).[1]  Diaz did not appeal his conviction or sentence.

On November 20, 2012, the Court received the instant Motion to Vacate. (ECF No. 207). For the purpose of assessing timeliness, the Court deems the Motion filed on the date it was delivered to prison officials for mailing, November 12, 2012. *See* Rule 3, Rules Governing Section 2255 Proceedings (discussing the mailbox rule).

---

[1] The judgment was amended , though not materially, on April 19, 2011. (ECF No. 158). Even if this amendment is viewed as starting the date of the one-year limitations period, the Motion remains untimely.

**DISCUSSION**

Motions filed under 28 U.S.C. § 2255 are subject to a one-year limitations period. Section 2255(f) provides in pertinent part that there is a one-year period of limitation for filing a motion that generally runs from "(1) the date on which the judgment of conviction becomes final."

Diaz's judgment was entered on February 25, 2011, and became final for the purpose of starting the one-year limitations period fourteen days later, on March 11, 2011, when the time expired to file an appeal. *See* Fed. R. App. P. 4(b)(1)(A)(2009) (permitting an appeal to be filed within 14 days of judgment); *United States v. Clay*, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). The one-year limitations period expired one year later. Accordingly, for purposes of § 2255(f)(1), Diaz had until March 11, 2012, to timely file his § 2255 motion. As noted, he did not file the Motion until November 12, 2012, eight months after the limitations period expired. Unless principles of equitable tolling apply, the Motion must be dismissed as untimely.

The one-year limitation period is subject to equitable tolling. *See Holland v. Florida*, _ U.S. _, 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he demonstrates: "1) that he has been pursuing his rights diligently, and 2) an extraordinary circumstance stood in his way" and prevented timely filing. *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The litigant seeking equitable tolling generally bears the burden of establishing that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way of filing on time. *See Pace,* 544 U.S. at 418.

In support of equitable tolling, Diaz attributes his late filing to his attorney's failure to return his attempts at communication. Diaz states he "made several attempts to contact [his

2

attorney]" to no avail.  (ECF No. 207, Memorandum at 2).  Diaz asserts that he first learned of counsel's failure to file his appeal after receiving a copy of his docket sheet from the Court. Notably, Diaz requested these documents from the Court on March 5, 2012 (ECF. 181), but did not file the instant Motion to Vacate until more than 8 months later.  Even if the Court were to assume the truth of Diaz's assertions concerning his unsuccessful attempts to contact counsel, such facts fail to warrant equitable tolling.  Diaz describes circumstances that are neither extraordinary nor demonstrate diligent pursuit of rights. Importantly, counsel's alleged failure to file an appeal did not prevent Diaz from filing a § 2255 for collateral relief.[2]

## CONCLUSION

Diaz demonstrates neither diligent pursuit of his rights nor that extraordinary circumstances prevented his timely filing. There are no grounds for equitably tolling the limitations period and the Motion will be dismissed as time-barred. Diaz has not made the requisite showing of denial of a substantial right, and the Court declines to issue a Certificate of Appealability.  A separate Order follows.

                                                              /s/
                                         William M. Nickerson
                                         Senior United States District Judge

DATED: February 26, 2013

---

[2] Diaz's argument that the one-year limitations period started to run on March 5, 2012, when he requested the docket sheet, as "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" is without merit. Had he exercised due diligence, this information was discoverable during the limitations period. Diaz's receipt of his docket sheet did not trigger the limitations period.

3